IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID M. SCATES, Reg. No. 34943-083, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:17-CV-621-MHT |
| | ) [WO] |
| WARDEN WALTER WOODS, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on an application for habeas corpus relief filed by David Scates ["Scates"], a federal inmate incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama. Scates brings this habeas application under 28 U.S.C. § 2241. Upon consideration of the petition and supporting memorandum (Docs. 1 & 2), the court concludes that the petition is due to be summarily dismissed. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**I. DISCUSSION**

Scates requested two-day furloughs in July, August, and September of 2017 to visit his fiancée and brother for the purpose of organizing matters related to his release from prison in January 2019. Scates' requests have been denied by prison officials on the ground that he is ineligible for consideration of a furlough because he has more than one year left to serve on his sentence. Scates describes the nature of his claims as asserting challenges to (1) prison staff's abrogation of policies regarding furloughs; (2) prison staff's failure to vet his eligibility for furloughs properly, which foreclosed review by the Warden of his right to be considered for furloughs; (3) his ability to receive copies of the Administrative Remedy Indexes from the

Montgomery Federal Prison Camp, the Southeast Regional Office ("SERO"), and the Central Office; and (4) his ability to publish—under a byline—on the internet, in a book, or in a newspaper. Docs. 2, 2-1 & 2-2.

Scates' claims are not cognizable in this habeas petition. The central purpose of the writ of habeas corpus is to provide a remedy to prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or an earlier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. Federal habeas corpus relief is not available to remedy alleged constitutional violations which would not lead to either an automatic shortening of an individual's sentence or the individual's immediate release. *Id*; *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (holding that, if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action).

Neither the grant of a furlough, access to administrative indexes, or the ability to publish material on the internet changes the fact or duration of an inmate's sentence. These matters are only relevant to the conditions of that sentence. The Supreme Court, in *Hill v. McDonough*, 547 U.S. 573 (2006), held that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Hill*, 547 U.S. at 579; *see also Wright v. Cuyler*, 624 F.2d 455, 458 (3d Cir. 1980) (holding that eligibility or lack of eligibility for furloughs is a condition of an inmate's confinement because, "[a]lthough a prisoner's total number days actually spent behind bars can technically be reduced by the number of days

during which he is out of prison on furloughs, it cannot be said that occasional short furloughs . . . reduce the duration of confinement"); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that, where success in the action would not "necessarily spell [immediate or] speedier release" for the prisoner, the remedy is not within "the core of habeas corpus"); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979) (finding that "[t]he rule then is that any challenge to the Fact or Duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to Conditions of confinement" may proceed as civil rights actions).[1]

Here, Scates seeks injunctive relief compelling Warden Woods to (1) review his application for a furlough, (2) provide him with copies of administrative remedy indexes, and (3) confirm his ability to publish on the internet under a byline.  The conditions for which Scates seeks relief, however, are not appropriate in a petition for writ of habeas corpus.  Rather, the nature of Scates' challenges are more appropriately brought in a *Bivens*-type[2] action. In light of the foregoing, this habeas petition is due to be summarily dismissed.[3]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge Petitioner David Scates' petition for federal habeas corpus relief be DISMISSED without prejudice to his right to file the appropriate civil action regarding the matters challenged in the petition.

It is ORDERED that **on or before October 27, 2017**, Petitioner may file an objection to

---

[1] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] A *Bivens* suit challenges the constitutionality of the actions of federal officials. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980).  Courts generally apply § 1983 law to *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 500 (1978).

[3] In so finding, however, the court does not preliminarily scrutinize the merits of Scates' allegations should he decide to pursue a separate civil action.

the Recommendation. Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 13th day of October, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE